**JIAN BO ZHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 08–3938–ag.

United States Court of Appeals, Second Circuit.

June 30, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Jian Bo Zheng, a native and citizen of the People's Republic of China, seeks review of a July 16, 2008 order of the BIA, affirming the January 9, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Bo Zheng*, No. A099 667 949 (B.I.A. July 16, 2008), *aff'g* A099 667 949 (Immig. Ct. N.Y. City Jan. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Analyzed under the REAL ID Act, we find that substantial evidence supports the agency's adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency reasonably relied on the inconsistency between Zheng's asylum application and initial testimony, which indicated that he was arrested for practicing Falun Gong in June 2005, and his subsequent testimony that he began practicing Falun Gong in July 2005—*after* his alleged arrest for these activities. Both the IJ and BIA reasonably rejected Zheng's explanation that this inconsistency was the result of an error made by the preparer of the asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, the IJ reasonably relied on Zheng's demeanor, noting that he appeared to be "reciting [from] a script," rather than testifying about his actual experiences. As the Government correctly notes, Zheng failed to challenge the agency's demeanor finding. Accordingly, we deem waived any challenge to that finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Having already called Zheng's credibility into question, the IJ did not err in basing his adverse credibility determination, in part, on Zheng's failure to submit corroborating evidence that may have rehabilitated his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

■ We agree with Zheng that it was error for the IJ to base his credibility finding in part on Zheng's testimony that he does not practice Falun Gong in a group or belong to a pro-Falun Gong organization in the U.S. *See Rizal v. Gonzales*, 442 F.3d 84, 89–91 (2d Cir.2006); *Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1295–97 (11th Cir.2006). To be considered credible, it is not necessary for an alien to demonstrate any specific level of commitment to his or her belief system. *See Rizal*, 442 F.3d at 89–90; *Mezvrishvili*, 467 F.3d at 1296–97. Moreover, Zheng's failure to practice Falun Gong in a group in the U.S. or join a pro-Falun Gong organization in no way contradicted any of his other statements regarding his religious devotion, and in fact was consistent with his statement that he preferred to practice Falun Gong alone. Therefore, this finding was not a proper basis for the IJ's adverse credibility determination. However, because the IJ's adverse credibility determination was otherwise free of error, we decline to disturb it. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008) (this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"); *see also Xiao Ji Chen*, 471 F.3d at 338 ("[A]n error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error.").

■ Zheng argues that the IJ erred in failing to give weight to the letter from his parents because the IJ failed to take into account the reason that the letter was unsworn and unauthenticated: the letter was directed to Zheng, and not to the Court. We are not persuaded. Indeed, the weight afforded to evidence is a matter left largely to the discretion of the IJ.[2] *See Xiao Ji Chen*, 471 F.3d at 341.

---

**2.** We decline to address Zheng's argument that a nonprecedential summary order of this

In sum, the IJ's adverse credibility determination was not in error. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. Therefore, the IJ properly denied Zheng's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006) (noting that claims for withholding of removal and relief under the CAT necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

Court supports his assertions regarding corroboration. Because that order was issued

prior to January 1, 2007, Zheng was not permitted to cite that case. *See* Loc. R. 32.1.